IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Submitted On Brief November 29, 2005 Session

## MICHAEL JERRY COX v. PAMELA KAY COX

**Direct Appeal from the Chancery Court for Tipton County**
**No. 20,953     Martha B. Brasfield, Chancellor**

**No. W2005-00552-COA-R3-CV - Filed December 22, 2005**

This is a divorce case.  Plaintiff Husband appeals the trial court's award of alimony in futuro to
Defendant/Counter-Plaintiff Wife.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and
Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY
M. KIRBY, J., joined.

Edwin C. Lenow, Memphis, Tennessee, for the appellant, Michael Jerry Cox.

Jeffery L. Stimpson, Munford, Tennessee, for the appellee, Pamela Cox.


## MEMORANDUM OPINION[1]

Michael Jerry Cox (Mr. Cox) and Pamela Kay Cox (Ms. Cox) were married in July 1975.
One child was born of the marriage in 1989.  In April 2003, Mr. Cox filed a complaint for
divorce in the Chancery Court of Tipton County.  In his complaint, Mr. Cox alleged as grounds
inappropriate marital conduct and irreconcilable differences, and sought custody of the parties'
minor child.  The parties stipulated that they should be divorced pursuant to Tennessee Code
Annotated § 36-4-129.  Following a hearing on December 20, 2004, on January 31, 2005, the

---

[1]RULE 10 of the Rules of the Court of Appeals of Tennessee provides as follows:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse
or modify the actions of the trial court by memorandum opinion when a formal opinion would have
no precedential value. When a case is decided by memorandum opinion it shall be designated
"MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any
reason in any unrelated case.

trial court entered an order declaring the parties divorced, dividing their property, awarding custody of the parties' minor child to Mr. Cox, and ordering Ms. Cox to pay child support of $240 per month. The trial court awarded Ms. Cox alimony *in futuro* of $875 per month beginning February 1, 2005. Mr. Cox filed a timely notice of appeal to this Court, and asserts the trial court erred in its award of alimony. Ms. Cox cross-appeals, asserting the trial court should have awarded alimony of $1,000 per month. We affirm.

## *Issue Presented*

The only issue presented for our review is whether the trial court erred in its award of alimony. Mr. Cox asserts the trial court erred in awarding any alimony to Ms. Cox, and Ms. Cox asserts the alimony award should have been set at $1,000 per month.

## *Standard of Review*

We review the trial court's findings of fact *de novo*, with a presumption of correctness. Tenn. R. App. P. 13(d); *Berryhill v. Rhodes*, 21 S.W.3d 188, 190 (Tenn. 2000). We will not reverse the trial court's factual findings unless they are contrary to the preponderance of the evidence. *Id.* Insofar as the trial court's determinations are based on its assessment of witness credibility, appellate courts will not reevaluate that assessment absent evidence of clear and convincing evidence to the contrary. *Jones v. Garrett*, 92 S.W.3d 835, 838 (Tenn. 2002). Our review of the trial court's conclusions on matters of law, however, is *de novo* with no presumption of correctness. *Taylor v. Fezell,* 158 S.W.3d 352, 357 (Tenn. 2005). We likewise review the trial court's application of law to the facts *de novo*, with no presumption of correctness. *State v. Thacker*, 164 S.W.3d 208, 248 (Tenn. 2005).

We review an award of alimony under an abuse of discretion standard. *Herrera v. Herrera*, 944 S.W.2d 379, 385 (Tenn. Ct. App. 1996). If a discretionary decision is within a range of acceptable alternatives, appellate courts will not substitute their decision for that of the trial court simply because the appellate court would have chosen a different alternative. *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App.1999).

## *Analysis*

When determining whether an award of alimony is appropriate, courts must consider the statutory factors set out in Tennessee Code Annotated § 36-5-101(d). We historically have considered the need of the spouse seeking support and the ability of the other spouse to provide such support to be the most important factors. *E.g., Burlew v. Burlew*, 40 S.W.3d 465, 470 (Tenn. 2001).

The legislature has clearly stated a preference for rehabilitative alimony designed to enable an economically disadvantaged spouse to attain economic self-sufficiency. Tenn. Code

Ann. § 36-5-101(d)(1)(C)(Supp. 2004)[2]; *Crabtree v. Crabtree*, 16 S.W.3d, 356, 358 (Tenn. 2000). Alternatively, transitional alimony may be awarded under Tennessee Code Annotated § 36-5-101(d)(1)(D). Transitional alimony may be "awarded when the court finds that rehabilitation is not necessary, but the economically disadvantaged spouse needs assistance to adjust to the economic consequences of a divorce, legal separation or other proceeding where spousal support may be awarded, such as a petition for an order of protection." Tenn. Code Ann. § 36-5-101(d)(1)(D)(Supp. 2004). An award of alimony in futuro is appropriate "where there is such relative economic disadvantage and rehabilitation is not feasible in consideration of all relevant factors," including those enumerated in § 36-5-101(d)(1)(E). Tenn. Code Ann. § 36-5-101(d)(1)(C)(Supp. 2004).

We cannot say the trial court's award of alimony in futuro in the amount of $875 per month constitutes and abuse of discretion in this case. The parties were both born in 1956. Mr. Cox has a GED and is a certified welder. At the time of trial, he was employed by Diesol Recon as a specialty welder. Mr. Cox's affidavit of income and expenses reflects a gross income of $3500 per month and a net income (after taxes and insurance) of $2150 per month. Ms. Cox was a homemaker and stay-at-home mother until 1994. She has a high school diploma, is a certified nurse's assistant, and earns a gross income of approximately $1315 per month and a net income of $1146 per month. The parties' affidavits of income and expenses reflect roughly equal expenses, neither party asserts the other had substantial separate property, and the parties do not assert the trial court awarded the marital property other than equitably. We affirm the trial court's award of alimony in futuro of $875 per month to Ms. Cox.

### *Holding*

We affirm the judgment of the trial court. Ms. Cox request for attorney's on appeal are denied. Costs of this appeal are taxed to the Appellant, Michael Jerry Cox, and to his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

---

[2]This section, as amended effective July 1, 2005, is currently codified at Tennessee Code Annotated 36-5-121(2005).